The Honorable Bill Strait Prosecuting Attorney Fifteenth Judicial District 108 North 2nd Street Dardanelle, AR 72834
Dear Mr. Strait:
This is in response to your request for an opinion on the following questions:
 1. May the county in which an undesignated landfill is situated make rules and regulations regarding the landfill?
 2. If the Regional Landfill Commission has more authority than the county, what steps can the county take to protect its interests in an increasingly burdensome landfill?
You state that Yell County's landfill is operated by a private individual who is about to purchase more land and increase the size of the landfill. You state further that this landfill has not been designated as the regional landfill, and that there are no administrative regulations between the region and the county to regulate times of operation, conditions of road and the littering throughout the county.
The answer to your first question will depend upon the specific provision(s) of the proposed county rule or regulation. The county has general authority, pursuant to A.C.A. § 8-6-212, to issue orders, establish policies, and enact ordinances "concerning all phases of the operation of a solid waste management system. . . ." A.C.A. § 8-6-212(e) (Repl. 1993). It must be recognized, however, that:
 such orders, policies, and ordinances must be consistent with, in accordance with, and not more restrictive than, those adopted by, under, or pursuant to this subchapter or any other laws, rules, regulations, or orders adopted by state law or incorporated by reference from federal law, the Arkansas Pollution Control and Ecology Commission, or the regional solid waste management boards or districts, unless there exists a fully implemented comprehensive area-wide zoning plan and corresponding laws or ordinances covering the entire county, or unless the county has made a request to the regional solid waste management board or district to adopt a more restrictive rule, regulation, order, or standard and no public hearing has been held within sixty (60) days or the request has not been acted upon within ninety (90) days.
Id. See also A.C.A. § 8-6-209 (Repl. 1993).
It is thus apparent that your first question cannot be answered with a simple "yes" or "no," but rather will require a detailed review of any such rules or regulations in relation to existing state and federal law, as well as rules, regulations, or orders adopted by the Arkansas Pollution Control and Ecology Commission and/or the regional solid waste management board or district.[1] Consideration would also have to be given to whether the county has availed itself of the process authorized in §§ 8-6-209(b) and -212(e) concerning the submission of a request to the regional board or district for a more restrictive rule or regulation.
With regard to your second question, it must be initially noted that in accordance with A.C.A. § 8-6-710 (Repl. 1993), each regional solid waste management board "shall be the governmental entity primarily responsible for providing a solid waste management system for the district." It may be accurate to say that the regional board has more authority than the county in that the county is prohibited from adopting standards that are more restrictive than those adopted by the regional district. A.C.A. §§8-6-209 and -212. But the county is represented on the regional board.See A.C.A. § 8-6-703 (Repl. 1993). Acting through the regional board is, it seems, the necessary avenue for effecting more restrictive regulations. As set out above, the county may by resolution request that its region adopt a more restrictive rule, regulation, order, or standard. See A.C.A. §§ 8-6-209(b) and -212(e), supra.
Involvement at the administrative level in the permitting process may also afford an avenue for county input if, in fact, administrative action is required. It is unclear from your correspondence whether the increase in the size of the landfill in this instance will require modification of the existing permit.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] I assume that there is no "comprehensive area-wide zoning plan" covering the entire county, as authorized in §§ 8-6-209 and -212.